**DAVIS POLK & WARDWELL LLP**

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
WWW.DAVISPOLK.COM

NORTHERN CALIFORNIA
WASHINGTON, D.C.
SÃO PAULO
LONDON
PARIS
MADRID
HONG KONG
BEIJING
TOKYO

CHARLES S. DUGGAN
+1 212 450 4785

January 28, 2022

The Honorable Paul A. Crotty
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Tan v. Goldman Sachs Group Inc.*, 1:21-cv-08413
                *Florio v. Goldman Sachs Group Inc.*, 1:21-cv-08618
                *Merson v. Goldman Sachs Group Inc.*, 1:21-cv-08752
                *Ulanch v. Goldman Sachs Group Inc.*, 1:21-cv-08897
                *Li v. Goldman Sachs Group Inc.*, 1:21-cv-09420
                *Chen v. Goldman Sachs Group Inc.*, 1:21-cv-09564
                *Felix v. Goldman Sachs Group Inc.*, 1:21-cv-10286
                *Scully v. Goldman Sachs Group Inc.*, 1:21-cv-10791
                *Yan v. Goldman Sachs Group Inc.*, 1:21-cv-10999
                *Lee v. Goldman Sachs Group, Inc.*, 1:22-cv-00169

Dear Judge Crotty:

      We represent defendant Morgan Stanley in the above-captioned cases. We write on behalf of Morgan Stanley and with the consent of co-defendant Goldman Sachs Group, Inc. in response to the Court's direction to the parties at the January 25, 2022 status conference to state their views on how best to organize these related cases.

      As discussed more fully below, defendants agree with the Court that these related cases should be consolidated or coordinated in a manner that preserves the resources of the Court and the parties, in accordance with the discretion and flexibility afforded by

Hon. Paul A. Crotty                                  2

Federal Rule of Civil Procedure 42.  *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) ("District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases.").  These cases involve different investors in different issuers, and defendants respectfully submit that at this early stage of the litigation, a lead plaintiff and counsel could be appointed for each issuer class, and amended pleadings filed in each action.  The parties then can efficiently coordinate the filing and briefing of a common motion to dismiss directed to all the actions, leaving the Court flexibility in how to manage the cases should they proceed past that motion when the contours of the cases are more precisely defined.

### A. Plaintiffs Brought These Actions Separately as Investors In Different Securities

Plaintiffs in these cases allege that they each purchased a particular equity security contemporaneously with each defendant's alleged sales of the same security in connection with each defendant's liquidation of the respective positions they purportedly held as swap trading counterparties to Archegos Capital Management.  Each case was brought in respect of a particular security: the plaintiff in one case seeks to represent a putative class of purchasers of ADRs in Tencent Music Entertainment Group, for example, while in another, for example, the plaintiff seeks to represent a putative class of alleged purchasers of ADRs in Vipshop Holdings, Ltd.  While each plaintiff seeks to assert claims under the Securities Exchange Act of 1934 over the same eight days in March 2021, the claims in each case are limited to those persons who purchased the same particular equity security.  Taken together, these cases include seven purported class

Hon. Paul A. Crotty                               3

actions on behalf of purchasers of seven different and unrelated securities. No complaint seeks to assert claims on behalf of purchasers of more than one security.

According to the complaints, the overarching context and circumstances of the defendants' alleged actions are similar or even identical across these cases. At the same time, the cases differ in numerous particulars, including in respect of the security purchased by each plaintiff, the dates of plaintiffs' purchases, and matters relating to plaintiffs' claimed damages, among other issues. At least one plaintiff has already informed the Court that the plaintiffs have disagreements and potential "conflicts" with respect to the proper measure of alleged damages.[1]

As required by the Private Securities Litigation Reform Act (the "PSLRA"), certain putative class members have moved for appointment as lead plaintiffs and for approval of lead counsel for a particular issuer's securities. *See* 15 U.S.C. § 78u-4(a)(3)(B).[2] Where multiple cases concern the same issuer's stock, one or more movants have sought to consolidate them.[3] There is no motion to consolidate all these actions into a single case, however, and no one has filed a motion to be appointed as lead plaintiff for

---

[1] *See Merson*, 1:21-cv-08752, ECF # 37.

[2] Lead plaintiff motions have been filed to date in the following actions: *Tan*, 1:21-cv-08413 and *Li*, 1:21-cv-09420, both relating to sales of Vipshop Holdings Ltd. stock; *Florio*, 1:21-cv-08618, relating to Gaotu Techedu stock; *Merson*, 1:21-cv-08752 and *Chen*, 1:21-cv-09564, both relating to Tencent Music Entertainment Group stock; and *Ulanch*, 1:21-cv-08897, relating to ViacomCBS Inc. stock.

[3] *See Tan*, 1:21-cv-08413, ECF ## 18, 21, 23; *Merson*, 1:21-cv-08752 ECF ## 16, 19, 20, 25, 29. In the *Tan* action, for example, movant Kuan Iok Ieong argued that the two cases relating to Vipshop Holdings Ltd. stock should be consolidated specifically because they "allege substantially the same wrongdoing, namely that Defendants unlawfully . . . avoid[ed] billions in losses when they unloaded Vipshop shares to Class members prior to the disclosure of the non-public information that ultimately caused the Company's share price to plummet." Mem. Law Supp. Mot. Kuan Iok Ieong for Consol., Appointment as Lead Pl. & Approval of Lead Counsel, *Tan,* 1:21-cv-08413, ECF # 26, at 4.

Hon. Paul A. Crotty                                    4

a class broader than purchasers of the same stock. The deadline has yet to arrive for putative class members to move for appointment as lead plaintiff in three of the cases.[4]

### B. The Cases Can Be Efficiently Coordinated as Separate Actions

In view of the above, the defendants respectfully propose that, at this early stage of the proceedings, the most efficient and straightforward manner for organizing these cases would be as follows:

*Consolidation.* As noted above, the movants seeking appointment as lead plaintiff in cases relating the same issuer's stock have sought consolidation. Defendants believe that it is appropriate, in keeping with the provisions of the PSLRA, to consolidate each of those actions by issuer prior to ruling on the pending lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). As explained below, defendants believe that *all* of the actions—both those that are consolidated by issuer and those for which no consolidation is required (because only one complaint relates to the relevant issuer)—can be addressed efficiently on a joint basis through omnibus proceedings on a motion to dismiss and throughout any later stages, if any, while mitigating potential complexities that may arise from a case involving different investors in different issuers.

*Lead Plaintiff.* In keeping with the motions filed to date, defendants respectfully submit that this Court should decide the lead plaintiff motions that have been filed, appointing lead plaintiffs and approving lead counsel for each of the actions following consolidation as described above. Appointments of lead plaintiffs and approval of lead

---

[4] *Felix*, 1:21-cv-10286 and *Yan*, 1:21-cv-10999, both relating to iQIYI stock; *Scully*, 1:21-cv-10791, relating to Baidu Inc. stock; and *Lee*, 1:22-cv-00169, relating to Discovery Inc. stock.

Hon. Paul A. Crotty                                5

counsel for these cases would similarly conform to the standards set forth in the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i), (iii), (v). Lead plaintiff motions in four of the cases relating to three issuers' stock (iQIYI, Baidu and Discovery) will be due in the next several days and weeks.[5]

Defendants believe that the approach of appointing lead plaintiffs and approving lead counsel in each case or, where applicable, in each case consolidated by issuer, is preferable to the potential alternative of appointing a single lead plaintiff across all classes. Defendants' proposal is also consistent with the plaintiffs' and movants' prosecution of these actions to date. Neither the plaintiffs in filing their complaints nor any of the movants for appointment as lead plaintiff have sought to represent a single class across all issuers; rather, in each case, they have sought to represent only purchasers of the same security they allegedly purchased.[6] Additionally, defendants' proposal permits for the possibility that future movants for lead plaintiffs in the remaining cases may seek appointment to serve as a lead plaintiff for the putative class of purchasers in their respective security, as provided by the PSLRA.

---

[5] Under the PSLRA, lead plaintiff motions are due 60 days from the date on which the plaintiff who filed the complaint published a notice of the pendency of the putative class action. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Accordingly, lead plaintiff motions will be due in the *Felix* and *Yan* (iQIYI) actions on January 31, 2022; in the *Scully* (Baidu) action on February 14, 2022 and in the *Lee* (Discovery) action on March 8, 2022.

[6] Defendants' proposal also is consistent with prior Southern District precedents, which have consolidated cases involving the same issuers, but leave cases involving different issuers to proceed as individual cases with coordinated briefing on motions where appropriate. *See, e.g.*, *Repex Ventures v. Madoff*, No. 09-cv-289, 2009 WL 10697939, at *4 (S.D.N.Y. Oct. 5, 2009) (declining to consolidate cases for all purposes because, among other things, "purchasers of each fund must allege facts specific to the security or fund in question, including who said what to whom concerning that particular security") (internal citations omitted); *In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp. 2d 281, 294–95 (S.D.N.Y. 2003) (consolidating cases by issuer, rather than across multiple issuers, "resulting in 309 consolidated cases that are being coordinated in the above-captioned litigation").

Hon. Paul A. Crotty                                6

*Amended Complaints.* Defendants believe that following the appointment of lead plaintiffs and approval of lead counsel, the lead plaintiffs should be afforded an opportunity to amend the operative complaints, in keeping with standard practices in securities class actions. Defendants expect that the parties would confer regarding a schedule for filing amended complaints that would allow for contemporaneous filing of any amended complaint across each of the cases or consolidated cases, so as to avoid any prejudice to any plaintiff from being required to amend at a date earlier than other plaintiffs and provide for uniformity across these cases. This approach would effectively be the same as requiring all plaintiffs in all of the actions to file a single consolidated and amended complaint without the complexity of a single complaint covering separate proposed classes of investors in different issuers for every claim.

*Motions to Dismiss.* Defendants propose that, if the Court adopts the approach described above, the parties in all cases agree on a coordinated briefing schedule for defendants' anticipated motions to dismiss. Defendants would anticipate filing a single, common motion—captioned with parties and case numbers for each of the related cases, and filed on the docket in each case—supported by a single, common memorandum of law that seeks to dismiss the claims across all of the cases. This common motion and brief would be identical in each case and would set forth the grounds for dismissal applicable to all of the claims in all of the complaints (subject to any unique issues that may be raised in an amended complaint and which could be addressed as a case-specific point in the same brief). Plaintiffs would similarly file a joint response, and defendants would submit a joint reply, again on an omnibus basis.

Hon. Paul A. Crotty 7

\* \* \*

This Court has substantial discretion to consolidate and coordinate these proceedings,[7] and defendants believe that these cases should be organized in an efficient manner to conserve the resources of the Court and the parties. We believe that defendants' proposal serves that objective.

Defendants' proposal also affords complete flexibility to the Court to manage subsequent proceedings in these cases in light of future developments, should one or more of these cases survive in whole or in part after a decision on a motion to dismiss. There is no need at this point to make a decision as to how these cases will be managed after the resolution of a motion to dismiss—considerations of future coordination and consolidation for purposes of discovery, class certification, summary judgment and trial can all be taken up at future times should that be necessary. Defendants' proposal in respect of the organization of these cases through a decision on defendants' anticipated motions to dismiss leaves all of these potential issues for determination once there is further clarity on the scope of the issues for determination. At the motion to dismiss stage, the only coordination necessary to avoid numerous motions, redundancy and potentially inconsistent rulings is unified, omnibus briefing—as defendants' proposal contemplates.

For all of these reasons, defendants respectfully submit that the way to minimize confusion while preserving efficiency is to keep these actions administratively separate,

---

[7] This discretion remains subject to the modest constraint that the Court not "merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *See Garber v. Randell*, 477 F.2d 711, 715 (2d Cir. 1973) (citation, internal quotation marks omitted).

Davis Polk & Wardwell LLP

Hon. Paul A. Crotty 8

with separate amended complaints, but to order omnibus, unified motion to dismiss briefing across all the actions.

Respectfully submitted,

*/s/ Charles S. Duggan*

Charles S. Duggan

cc:   Counsel of Record

<u>Electronic Delivery</u>

Davis Polk & Wardwell LLP