UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN LEE, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 1:22-cv-00169-PAC-SLC |
| Plaintiff, | CLASS ACTION |
| vs. | |
| GOLDMAN SACHS GROUP INC. and MORGAN STANLEY, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
THE J. AND S. PATEL TRUST U/A DATED 8/4/2015 FOR APPOINTMENT AS LEAD
<u>PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL</u>**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. SUMMARY OF PLAINTIFF'S COMPLAINT ........................................................... 2

III. ARGUMENT .................................................................................................................. 3

    A. The Patel Trust Should Be Appointed Lead Plaintiff ........................................... 3

        1. The Patel Trust's Motion is Timely ................................................................. 3

        2. The Patel Trust Possesses the Largest Financial Interest ................................ 4

        3. The Patel Trust Otherwise Satisfies Rule 23 ................................................... 4

    B. The Patel Trust's Selection of Counsel Should Be Approved ............................. 6

IV. CONCLUSION ............................................................................................................... 7

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Foley v. Transocean Ltd.*,
 272 F.R.D. 126 (S.D.N.Y. 2011) ............................................................................................... 5

*Kasilingam v. Tilray, Inc.*,
 No. 1:20-cv-03459-PAC,
 2020 WL 4530357 (S.D.N.Y. Aug. 6, 2020) ............................................................................. 5

**STATUTES, RULES, AND OTHER AUTHORITIES**

15 U.S.C. § 78J(B) ......................................................................................................................... 3

15 U.S.C. § 78t(a) .......................................................................................................................... 3

15 U.S.C. § 78t-1 ........................................................................................................................... 3

15 U.S.C. § 78u-4(a)(3)(A)(i) ........................................................................................................ 3

15 U.S.C. § 78u-4(a)(3)(B)(i) ........................................................................................................ 1

15 U.S.C. § 78u-4(a)(3)(B)(iii) .................................................................................................. 1, 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .................................................................................................. 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ............................................................................................ 4

15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................................... 2, 3, 6

17 C.F.R. § 240.10b-5 ................................................................................................................... 3

Fed. R. Civ. P. 23(a) ...................................................................................................................... 5

Fed. R. Civ. P. 23(a)(3)-(4) ........................................................................................................... 4

The J. and S. Patel Trust U/A dated 8/4/2015 (the "Patel Trust") respectfully submits this memorandum of law in support of its motion for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq.* and for approval of its selection of Johnson Fistel, LLP ("Johnson Fistel") as lead counsel for the proposed class (the "Motion").

**I.   INTRODUCTION**

This action is brought on behalf of investors who purchased or otherwise acquired Discovery Inc. Series A (NASDAQ: DISCA) or Discovery Series C (NASDAQ: DISCK) common stock contemporaneously with defendants' unlawful trades between March 22, 2021 and March 29, 2021 (the "Class Period"). The complaint charges Goldman Sachs Group Inc. ("Goldman Sachs") and Morgan Stanley with violations of §§ 20A, 10(b), and 20(a) of the Securities Exchange Act of 1934 and Securities and Exchange Commission (SEC) Rule 10b-5 promulgated thereunder. As such, the action is governed by the PSLRA.

Pursuant to the PSLRA, the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added). The Court is to appoint the movant making a timely motion under the PSLRA's sixty-day deadline, who asserts the largest financial interest in the litigation, and who also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Accordingly, here, the Patel Trust should be appointed lead plaintiff because it: (1) timely filed this Motion; (2) has the largest financial interest in the outcome of this litigation; and (3) is typical and will adequately represent the class's interests. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The PSLRA also vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Because Johnson Fistel is a leading securities class action law firm and has earned a reputation for excellence in shareholder rights litigation, the Court should approve the Patel Trust's choice of the firm to serve as lead counsel.

## II.  SUMMARY OF PLAINTIFF'S COMPLAINT

Both Goldman Sachs and Morgan Stanley are global financial services institutions that served as prime brokers for Archegos Capital Management ("Archegos"), a family office with $10 billion under management, helping Archegos make trades and lending it capital in the form of margin lending.

According to the complaint, defendants Goldman Sachs and Morgan Stanley were able to sell large amounts of Discovery Inc. ("Discovery") shares during the Class Period, while in possession of material, non-public information regarding Archegos, and the need to liquidate its entire Discovery position due to margin call pressure. Defendants allegedly unloaded large block trades consisting of shares of Archegos' doomed bets, including Discovery securities, late Thursday, March 25, 2021, before the Archegos story reached the public, sending Discovery's stock into a complete tailspin. These sales allowed defendants Morgan Stanley and Goldman Sachs to avoid billions of dollars in losses.

Defendants allegedly knew, or were reckless in not knowing, that they were prohibited from trading based on this confidential market-moving information, but traded anyway, disposing to plaintiff and other members of the class their Discovery stock before the news about Archegos was announced and Discovery's share price plummeted. Accordingly, the complaint charges Goldman Sachs and Morgan Stanley with violations of §§ 20A, 10(b), and 20(a) of the Securities

Exchange Act of 1934, 15 U.S.C. §§ 78t-1, 78j(b), and 78t(a), and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

### III.   ARGUMENT

#### A.   The Patel Trust Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff. First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

Here, the Patel Trust meets each of these requirements and should be appointed lead plaintiff and permitted to select lead counsel for the class, subject to Court approval, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

##### 1.   The Patel Trust's Motion is Timely

The statutory notice published on January 7, 2022 advised class members of the pendency of the action, the claims asserted therein, the proposed class period, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by March 8, 2022. *See* Declaration of Ralph

M. Stone in Support of Motion of Jyotindra Patel, as Trustee of the J. and S. Patel Trust U/A dated 8/4/2015, for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Stone Decl."), filed herewith, Exh. A (PSLRA Press Release).

Because this Motion is being filed on March 8, 2022, it is timely, and the Patel Trust is entitled to be considered for appointment as lead plaintiff.

### 2.     The Patel Trust Possesses the Largest Financial Interest

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the movant with "the largest financial interest in the relief sought by the class," so long as the movant "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The Patel Trust suffered $17,275 in estimated PSLRA losses as a result of purchasing 2,500 Discovery shares during the Class Period. *See* Stone Decl., Exh. B (PSLRA Certification) and Exh. C (Financial Interest Calculation). Accordingly, the Patel Trust has a substantial financial interest in directing this litigation and recovering losses attributable to defendants' alleged violations of the federal securities laws. At this time, no other plaintiffs or movants with larger financial interests during the Class Period have come forward seeking appointment. Therefore, the Patel Trust satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.     The Patel Trust Otherwise Satisfies Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4).

At the lead plaintiff stage, movants are only required to make a *prima facie* showing of typicality and adequacy.  *Kasilingam v. Tilray, Inc.*, No. 1:20-cv-03459-PAC, 2020 WL 4530357, at *2 (S.D.N.Y. Aug. 6, 2020).

In determining whether a movant satisfies the "typicality" requirement, courts consider whether its claims arise from the same conduct and same legal theory for the defendants' alleged liability.  *Id.* at *3.  The typicality requirement is satisfied here because the Patel Trust seeks the same relief and advances the same legal theories as other class members.  Indeed, like other class members: (i) the Patel Trust purchased Discovery shares during the Class Period; (ii) its purchases were contemporaneous with defendants' sales of Discovery shares; and (iii) it was damaged thereby.  The Patel Trust's claims therefore arise from the same course of events and its legal arguments to prove defendants' liability are identical to the balance of the class.

The adequacy element of Rule 23 is satisfied where the lead plaintiff can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).  Thus, in evaluating whether the Patel Trust satisfies the adequacy requirement, the Court should consider whether it "has selected counsel 'qualified, experienced, and generally able to conduct the litigation,' [it] has no conflict with the other class members, and [its] financial interest is sufficient to ensure 'vigorous advocacy.'" *Kasilingam*, 2020 WL 4530357, at *3.  (quoting *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011)).

Here, the Patel Trust has retained counsel experienced in prosecuting securities class actions under the PSLRA.  *See* Stone Decl., Exh. D (Johnson Fistel Firm Resume).  Additionally, no antagonism exists between its interests and those of the absent class members.  Their interests are squarely aligned.  Moreover, the Patel Trust has amply demonstrated its adequacy by signing the sworn certification submitted herewith evidencing its willingness serve as a representative

party on behalf of the class, including testifying at deposition or trial, if necessary. *See* Stone Decl., Exh. B (PSLRA Certification). Finally, the Patel Trust's significant losses in connection with its investments in Discovery shares ensure that it has the incentive to vigorously pursue the claims against defendants.

Because the Patel Trust has the largest financial interest in the action and has made *a prima facie* showing of typicality and adequacy, it should be appointed lead plaintiff.

### B. The Patel Trust's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Patel Trust has selected Johnson Fistel to serve as lead counsel for the proposed class.

Johnson Fistel, with offices in New York, Georgia, and California, is a leading shareholder rights law firm and has earned a reputation for excellence and innovation in shareholder and complex litigation. The firm and its attorneys have been appointed as lead or co-lead counsel in shareholder litigation in federal and state courts throughout the country and have successfully litigated numerous such cases on behalf of injured investors. *See* Stone Decl., Exh. D (Johnson Fistel Firm Resume). In fact, courts and clients alike have praised Johnson Fistel and its attorneys for their capabilities in complex cases such as the present case. *Id*. There can be little doubt that as lead counsel, Johnson Fistel's extensive experience and track record of success in complex shareholder litigation like the present case, combined with its client-driven track record, will serve lead plaintiff and the class well.

Thus, the Court can be assured that by approving the Patel Trust's choice of Johnson Fistel as lead counsel, the putative class will receive the highest caliber of legal representation.

## IV. CONCLUSION

Because the Patel Trust has satisfied each of the PSLRA's requirements, the Court should appoint it lead plaintiff and approve its choice of lead counsel, Johnson Fistel.

DATED: March 8, 2022

**JOHNSON FISTEL, LLP**

*/s/ Ralph M. Stone*
Ralph M. Stone (RS-4488)
1700 Broadway, 41st Floor
New York, NY 10019
Telephone: (212) 292-5690
Facsimile: (212) 292-5680
RalphS@johnsonfistel.com

**JOHNSON FISTEL, LLP**
Michael I. Fistel, Jr.
40 Powder Springs Street
Marietta, GA 30064
Telephone: (470) 632-6000
Facsimile: (770) 200-3101
MichaelF@johnsonfistel.com

***Counsel for the Patel Trust***